# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

Caleb Retelle,

 Plaintiff,                                                                 25-cv-315-jdp

v.

Tatyana Galmore, CPS Child Protection Services, GAL Alyssa Mahaffay, FCS Family Court Services, Family Court of Dane, Judge Rhonda Lanford, and Does 1-10 inclusive,

 Defendants.

Case No.: 2021PA0107PJ

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND MOTION FOR INJUNCTIVE RELIEF**

I. INTRODUCTION

This is a civil action brought pursuant to 42 U.S.C. § 1983 for the violation of Plaintiff's constitutional rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments. Plaintiff, Caleb Retelle, alleges systemic abuse, retaliation, disability discrimination, judicial misconduct, suppression of evidence, and endangerment of his minor child in connection with ongoing state family court proceedings.

II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights violations).
2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

III. PARTIES

3. Plaintiff, Caleb Retelle, is a natural man, secured party creditor, and lawful father residing in Madison, Wisconsin.

4. Defendant, Tatyana Galmore, is a private individual residing in Madison, Wisconsin.

5. Defendants CPS, FCS, GAL Alyssa Mahaffay, and Family Court of Dane are entities or officers acting under color of state law.

6. Defendant Judge Rhonda Lanford acted in personal and official capacity under color of law.

7. Defendants Does 1-10 are currently unknown agents and actors liable for violations described herein.

IV. FACTUAL ALLEGATIONS

8. Plaintiff has submitted over 200 pieces of lawful evidence and affidavits over the course of two years that were willfully ignored.

9. Plaintiff was advised by CPS to keep custody of his child due to risk of harm; he followed their direction in good faith.

10. Defendant Galmore violated a restraining order by allowing Vincent Morales into her home where a minor child resided.

11. Plaintiff has been denied ADA accommodations in court and while incarcerated, resulting in a panic attack and lack of access to asthma medication.

12. Court officers and judges acted with provable bias, misconduct, and selective enforcement, including ignoring 17 contempts by Defendant Galmore.

13. Plaintiff was denied his right to cross-examine key witnesses while the opposing party was allowed to question his partner.

14. Plaintiff was retaliated against for lawful UCC filings, status correction, and invoking constitutional rights.

15. Medical neglect occurred while the child was in the custody of the defendant, resulting in oral surgery involving over one-fourth of the child's teeth.

V. CLAIMS FOR RELIEF

• Count I – Violation of the First Amendment (Freedom of Speech, Retaliation)

• Count II – Violation of the Fifth and Fourteenth Amendments (Due Process and Equal Protection)

• Count III – Violation of the Sixth Amendment (Right to Confront Witnesses and Counsel)

• Count IV – Violation of the Eighth Amendment (Medical Neglect During Incarceration)

• Count V – Violation of the ADA (Failure to Accommodate Documented Disabilities)

• Count VI – Civil Conspiracy and Abuse of Process under 42 U.S.C. § 1983

VI. PRAYER FOR RELIEF

• A declaratory judgment that Plaintiff's constitutional rights were violated.

• Injunctive relief halting all family court proceedings pending federal review.

• Compensatory and punitive damages to be determined at trial.

• An order restoring full parental rights and custody.

• Costs of suit and attorney's fees as allowed by law.

• Any further relief this Court deems just and proper.

Respectfully submitted,
Caleb Retelle  *[signature]*
Date: April 14, 2025